Blacuford, J.
This was an action of ejectment on the several demises of Mary Anne Crawle, John Kinds and wife, and John Kamper and wife. Plea, not guilty, and judgment for the defendants.
The record shows the following facts: In August, 1838, one William Crawle died seised in fee-simple of the land ^described in the declaration, having purchased it of the United States. He was the bastard son of Mary Anne Crawle, one of the lessors of the plaintiff, and left living, at the time of his death, his mother, and his wife Susan Crawle. After his birth, his mother married one Foley (who was not the bastard’s father), by whom she had two daughters, one of whom married Kinds, one of the lessors of the plaintiff; and the other married Kavyper, another of the lessors. William Crawle left no other relatives; and his widow, who after his death married the defendant Bates, never had any children. He was never recognized by Foley as his son. The defendants were in possession of the premises, and had notice to quit. It further appears, by the written arguments of the parties, that the said William Crawle died intestate.
The question to be decided in this case is, did the real estate of the intestate descend to his mother, brothers and sisters, or to his widow? ,
According to the common law, William Gratóle being a bastard, and dying intestate and without issue, the land in dispute would escheat to the State. By that law, at least so far as inheritances are concerned, the intestate was the son of nobody, and could not have any legal heirs but of his own body. 1 Blacks. Comm., 459; Chitty on Descents, 27; 1 Preston on Estates, 468; 2 Kent’s Comm., 212. The common law on the subject is in force here, and must govern the question before us, except so far as it has been changed by statute. The only statutory provisions, which are supposed *575 by either of the parties to have any thing to do with their claims are the following sections in the statute of 1831 regulating descents:
Sect. 2. If there be no children, nor their descendants, then (the estate of a person dying intestate shall descend) to the father; and if there be no father, then in equal parts to the mother, brothers, and sisters, of such deceased person dying intestate, and to their descendants.
Sect. 6. When for want of issue of the intestate, and of father or mother, brothers or sisters, or their descendants, the estate as before directed to descend in equal parts to the paternal and maternal kindred, shall, for want of such kindred, go to the wife.
*Sect. 8. There shall be no difference between legitimate and illegitimate children, in the inheriting of property that descends to them through the mother. R. C., 1831, p. 208.
There is nothing in these statutory provisions that can benefit the claim in this case of the mother, brothers, or sisters of the intestate. Their reliance is on the second and eighth sections, but they do not support their claim. As those persons are not, in the contemplation of the common law, related as respects inheritances to the bastard, they can not inherit the land under the second section of the statute, unless they are aided by the eighth section. But that section has no application to them whatever. It enables a bastard to inherit property that descends to him through his mother; but it is silent as to any right of his mother, brothers, or sisters to inherit from him. It leaves their claims where it found them—to be governed by the common law, by which, as we have already shown, they are without foundation.
The defendants contend that the land, under the sixth section of the statute, descended to the intestate’s widow, who is one of the defendants, and we think it did. As the intestate died without issue, and, according to the common law—he being a bastard—without father or mother, brothers or sisters, or their descendants, and without paternal or maternal kindred, *576 the widow is entitled to the land in question under this sixth section of the statute.
W. J. Peaslee, for the plaintiff.
8. Major, for the defendants.
Per Curiam.—The judgment is affirmed at the costs of the lessors.